ROSEMARY J. KLEINMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent SHELDON M. KLEINMAN AND ROSEMARY E. KLEINMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kleinman v. Commissioner
Docket Nos. 8282-75, 8398-75.[1]
United States Tax Court
T.C. Memo 1977-293; 1977 Tax Ct. Memo LEXIS 149; 36 T.C.M. (CCH) 1171; T.C.M. (RIA) 770293; August 30, 1977, Filed William Theodoros and Richard E. Anderson, for the petitioner in docket no. 8282-75. William J. Moran, for the petitioners in docket no. 8398-75. Paul G. Topolka, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $807 deficiency in the Federal income tax of petitioner Rosemary J. Kleinman for 1972. Respondent determined a $1,039.04 deficiency in the Federal income tax of petitioners Sheldon M. Kleinman and Rosemary E. Kleinman *150 for 1972. Other issues having been disposed of by agreement of the parties, the sole issue for decision is whether cash payments made by Sheldon M. Kleinman to his former wife pursuant to a decree of divorce are includible in her gross income under section 71 [2] and deductible by him under section 215. FINDINGS OF FACT All of the facts have been stipulated and are found accordingly. Petitioner, Rosemary J. Kleinman ("Rosemary") resided in Merrillville, Indiana, at the time she filed her petition. Petitioners, Sheldon M. Kleinman ("Sheldon") and Rosemary E. Kleinman resided in Hammond, Indiana at the time they filed their petition. Rosemary and Sheldon were married on October 28, 1963. Rosemary brought no property into the marriage and she contributed no property, either real or personal, to the marriage. In addition, she at no time had any legal or equitable claim or title in or to the common stock owned by Sheldon in Androcor, Inc. or Androcor & Associates, Inc. On June 16, 1972, a judgment was entered in an Indiana state court proceeding terminating *151 the marriage of Rosemary and Sheldon. The judgment incorporated a "Property Settlement Agreement" dated June 16, 1972, and the judgment provided in part: IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff is awarded a judgment against the defendant in the sum of Thirty-Six Thousand, Five Hundred ($36,500.00) Dollars, said judgment to be paid in installments as provided in said Property Settlement Agreement * * * The property settlement agreement provided in part: 6. The parties hereby agree that in lieu of alimony the wife (plaintiff), shall have a judgment against the husband (defendant), in the amount of Thirty-six Thousand, Five Hundred ($36,500.00) Dollars, payable as follows: (a) Five Hundred ($500.00) Dollars on June 16, 1972 and the sum of Three Hundred ($300.00) Dollars on July 20, 1972 and a like amount of Three Hundred ($300.00) Dollars on the 20th day of every month thereafter for a total period of one hundred and twenty (120) months following the date of entry of the divorce decree. These payments shall be made directly to the wife. Payments shall continue notwithstanding the subsequent marriage by the wife. (b) In the event of the wife's death *152 prior to full payment of the sums required, the payments shall continue, however, they shall be payable to DANA, the parties' minor child, either directly to DANA if she be emancipated or to her guardian for her use and benefit. Under this agreement payments are to be made over a period in excess of ten years from the date of the judgment and property settlement agreement. The payments constitute periodic alimony payments and not reimbursements to Rosemary for any property acquired by the parties during their marriage. Pursuant to the judgment and property settlement agreement, Sheldon paid Rosemary $2,300 between June 16, and December 31, 1972. On her 1972 income tax return Rosemary did not include any portion of the payments in her gross income.On his 1972 income tax return Sheldon deducted the payments as alimony. Respondent determined in Rosemary's notice of deficiency that the payments were alimony includible in Rosemary's gross income and in Sheldon's notice of deficiency disallowed the alimony deduction claimed by Sheldon. OPINION The sole issue for decision is whether the cash payments received by Rosemary from Sheldon during 1972 constitute periodic alimony payments *153 and are therefore includible in her gross income under section 71(a)(1) and deductible by him under section 215. Section 215 allows a husband a deduction for amounts paid by him during the taxable year which are includible under section 71 in the gross income of his former wife. Section 71(a)(1) provides that if a wife is divorced from her husband under a decree of divorce, she must include in her gross income (1) periodic payments (2) received from her former husband after such decree in discharge of his legal obligation arising out of the marital relationship and (3) imposed on her former husband under the decree. Installment payments received in discharge of a principal sum which is specified in the divorce decree are treated as "periodic payments" when they are payable over a period exceeding ten years from the date of the decree. Section 71(c)(2). Rosemary and Sheldon were divorced on June 16, 1972. The judgment of divorce and property settlement agreement required Sheldon to pay Rosemary $36,500 in monthly installments over a period of ten years and 4 days after entry of the judgment for divorce. The payments were therefore "periodic payments." Rosemary brought no property *154 into the marriage nor contributed any property to the marriage. She had no interest in the common stock owned by Sheldon in Androcor, Inc. or Androcor & Associates, Inc. The agreement provided that the payments were "in lieu of alimony" and the parties did not intend that the payments be a reimbursement to Rosemary for any property acquired by them during their marriage. In view of these facts, we conclude that the payments made by Sheldon to Rosemary were in discharge of his legal obligation which arose out of their marital relationship. The payments were required of Sheldon under the decree. As a consequence, the $2,300 Sheldon paid to Rosemary in 1972 is includible in Rosemary's gross income and is deductible by Sheldon. Decision will be entered under Rule 155 in Docket No. 8398-75.
Decision will be entered for respondent in Docket No. 8282-75. Footnotes
1. These cases were consolidated for trial, briefing and opinion.↩
2. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩